Good morning, Your Honors. May it please the Court, my name is Carl Carlson, representing the appellant Robert Foulon. This case involves an attorney's fee agreement in which some practice in the state of Washington entered into a fee agreement with a Washington resident to represent the Washington resident in an NESD arbitration proceeding here in Seattle. In the fee agreement, they included a form selection clause that provided if any dispute arose between counsel and their client, it would be resolved in courts sitting in West Palm Beach, Florida. So the form selection clause allowed for a dispute in either Federal court or in State court. Klayman and Toskes withdrew from the representation on the eve of the hearing and then sought recovery of their contingent fee. Mr. Foulon sued in State court in Washington, requesting that the State court enter an injunction in joining the Boca Raton attorneys from engaging in the practice of law in Washington State, and also seeking a declaration that the contingent fee agreement was not enforceable or that nothing was owed under it. Klayman and Toskes removed the case to Federal court and moved it to dismiss on grounds that venue was improper. The district court granted that motion. This case raises two issues. One is simple, and the other isn't. The simple issue is the issue of public policy. Jurisprudence establishes that in evaluating whether to enforce a form selection clause, an issue is always whether enforcement of that clause would contravene a strong public policy of the State in which the case is initially  Sotomayor, why can't a court sitting in West Palm Beach or anyplace else in the United States interpret whether Washington rules of practice, whatever they're called, I'm sorry. Well, it can. And in other cases, such as there's a case you cite in our brief where this court held that a form selection clause would require that certain litigation regarding franchises in California be held elsewhere, and there's a California statute saying, no, you've got to have the cases in California. In those cases, surely the other jurisdictions could have interpreted California law and could have enforced California law. But here you've got the extra point that this was an arbitration being conducted under the securities laws. Well, under State law as well. Yeah, but they were, they involved negligence. But, I mean, it's not as if Washington is intending or trying to discipline a Washington lawyer. I mean, the ultimate question is going to be whether the Florida lawyers needed to have a license to appear in an arbitration proceeding involving the securities laws in the State that took place in the State of Washington. No, Your Honor. Washington can sanction those attorneys. I didn't say couldn't. But Washington should. I said it was not as if the issue were Washington sanctioning a Washington resident for the unlawful practice of law. The ultimate question here is whether the Florida lawyers needed a ticket to practice law in the State of Washington in order to appear in an arbitration proceeding under NASDAQ rules or whatever. Right? No. No, under State law. The NASDAQ rules have nothing to do with it. The NASDAQ, NASD acknowledges that State law controls. Yeah, I, okay, never mind. I'm sorry, Your Honor. But Washington courts, the issue is whether a Washington court can evaluate Washington law. My real point here is that I just don't get why there's an overarching State of Washington policy that just is so strong that it compels litigation in the State of Washington rather than in the State of Florida. Your Honor, because Washington courts have declared that the unlicensed practice of law, it is the court's duty to protect Washington residents from the unlicensed practice of law. Washington legislature has made it a crime. It's a crime what these attorneys did here in Washington. Well, maybe it may not be. That's to be determined. Okay. But Washington courts, we've cited cases in which Washington courts have declared, Washington Supreme Court has declared, it is our duty to protect Washington residents from the unauthorized practice of law. I don't know how you can declare a State policy more firmly than that. I think that every State would feel that that is their duty to protect their residents from the unauthorized practice of law from other practitioners coming in elsewhere and representing all these Microsoft employees here with Florida attorneys who know nothing about Washington State law, about the contract law, the negligence law. In the NIST arbitration proceedings, State law applies. It isn't just securities laws. And in this particular case, even though it's beyond what's in the record here, they did a crappy job. They didn't deal with any of the sorts of things that a Washington practitioner would have dealt with in their statement of claim. But that's for the trial court, or that's for the Washington State court to evaluate whether there are damages or whether they acted improperly in how they handled the case. But these NIST cases very much implicate local law. And it is, I think, every State's prerogative to protect their residents from out-of-State attorneys coming in without a license and purporting to practice law. And the analysis is simple intellectually. Is there a fundamental policy? And does this Foreign Session clause contravene it? I don't think there's a whole lot of additional analysis that I can offer. Based on what you've argued so far, it would appear that you agree that Bremen applies to a diversity case, but you're arguing that this, under Bremen, that the motion should have been denied because of public policy. I am arguing that, yes, Bremen does apply to diversity cases. It can apply in determining whether the clause is valid. That is a different question from the question of how should the clause be enforced if it is valid. And as with any contract, a contract clause is valid unless it was induced by fraud or unless it is unconscionable. And the Bremen analysis is largely the same. In this case, we will we do not disagree with the preliminary analysis of was this clause valid. And it was it would not be valid if certain tests are met, one of which is if it contravenes a strong public policy. But the other thing is that it would not be valid if it contravenes a strong public policy. But I thought that your main argument in your brief, or at least a major argument in your brief, was that Bremen doesn't apply, that the Federal rules apply. The argument in the brief is that Bremen doesn't fix the remedy. The remedies of Bremen don't apply. It may not have been articulated well enough in our brief. But we're saying that, number one, even under Bremen, because of the public policy, the clause is invalid. Ginsburg. I understand. Number two, if it's valid, let's assume it's valid. Okay. Then how do you enforce it? Okay. And that's what all of the case law that we cite addresses. How do you enforce a Foreign Selection Clause when it's a diversity case such that independent of the Foreign Selection Clause, venue is proper or it's late? And secondly, the Foreign Selection Clause provides for litigation in another foreign district. I'm sorry, another Federal district. Excuse me. I need to get some water. It's a question of, you know, once you determine that the clause is valid, it doesn't follow. Boom, you dismiss. The question follows, then, how do you enforce it? And I want to make three points. But in this instance, the only motion that was made was a motion to dismiss. Correct. There was no motion to transfer. Correct. Is that determinative? In other words, if I gather you would argue that we don't dismiss, although we have the problem of this Minetti case, and if you don't dismiss, then what? Then it just sits there and goes, no, but the motion to transfer. No. No. Then they can move to transfer. The fact is, Your Honor. But they didn't move to transfer. Pardon me? But they did not move to transfer. No, they did not. That was their strategic choice. They moved to dismiss for one reason, for improper venue. Bremen doesn't hold that venue is improper. In Bremen, the Court held that if the clause was valid, then it should be, quote, specifically enforced. And in Bremen, it provided for litigation in London before the London Court of Justice. Now, Bremen simply remanded the matter to the lower court to determine if it was valid. Now, in this case, and in cases throughout, well, subsequent to Bremen, the Supreme Court and Stewart Organization v. RICO addressed a case that is very much like this, in which there was a diversity case removed to federal court in Alabama. The defendant moved to dismiss or, in the alternative, to transfer. The district court held that dismissal was improper because ---- In Stewart? Yes, Stewart Organization. It had a footnote. It had a footnote in there saying nobody raised the issue. Oh, it was raised in the district. The motion to transfer. I mean, I don't know if I disagree with your point, but that's just not quite an accurate recitation. Oh, it is, Your Honor. The district court denied the motion to dismiss. Yeah, but that's not what Stewart was talking about. Stewart was talking about a motion to transfer. In Stewart, the court explicitly said the parties do not disagree that the district court properly denied the motion to dismiss. Correct. So that wasn't an issue in the Supreme Court's opinion. That's true. No, correct. It was not an opinion. It was. The only thing that's an issue in the Supreme Court's opinion is a motion to transfer. Yes, because everybody agreed that when Venks is ---- Okay. I just want to get clear. I mean, I'm not disagreeing with where you're going particularly, but I just want to get clear what we're talking about. Oh, no. I apologize, Your Honor. I didn't mean to misrepresent. In Stewart, the issue initially in the district court, they moved to dismiss or to transfer. And the district court ---- That's fine. What we're worried about now is the effect of the Supreme Court's opinion on this case. Yes. And the Supreme Court in Stewart Organization held that a district court sitting in diversity must apply a specific Federal statute when there is one that applies to the case. Now, and the conundrum here is caused by the fact that we have said, never mind Stewart, after Stewart, we have said you can use Rule 12b-3 as a vehicle for raising the ---- a form selection clause and for enforcing it, and that when it is dismissal, that is an issue. There is no specific governing Federal rule as there is in ---- as there was in Stewart and as there is in the case of a motion to transfer. I mean, that's where we are. Correct, Your Honor. And we submit that 28 U.S.C. 1441 is a specific Federal statute that applies. It says in removal actions, venue sits in the district court. Well, you know, venue is ---- so your position is that just because they removed, that's their one shot at an appropriate venue, and beyond that, that's the end of it? No, Your Honor. They could move to ---- What is its significance? They should move to transfer. Your Honor, the ---- Why didn't you just request a transfer and get us all out of this problem? I mean, that's easy to say, you know, the dismissal is inappropriate, so transfer it. Or, I mean, analyze it under the transfer rules. Your Honor, we did, and we argued that's what the district court should have done. Well, you know what? I ---- it's just not very clear. And if he'd done that, then it seems to me the district court probably would have abused its discretion. As it is, it's really tricky. But, Your Honor, the district court simply disregarded the issue. The district court did not even mention Stewart Organization. Didn't even mention it in its opinion. Your Honor, at this point ---- Well, we don't really have to. Under our law, we've said the proper vehicle for challenge ---- for seeking a dismissal is through 12b-3, and we've said that. So now where are we? Well, okay, Your Honor. But 12b-3 simply says a party can move to dismiss for improper venue. I know that. It doesn't say when venue is improper. What is the meaning of the Court's footnote in Richard v. Boyce of London? Can I just mention that there's one other strangeness here to me, which is the removal context of this. I gather that this would be enforceable under Washington law where the case was originally filed. The Foreign Selection Clause? Yes. Unless it violates public policy. Right. Yes. So the ---- in other words, the Bremen rule would apply in Washington, essentially. Yes. So there's something mighty peculiar about this particular venue provision, 1441, which just only says that you can take it from the place where it was filed as then getting you something that you didn't get in the place where you were filed. Is there something odd about this? Well, Your Honor, this case and all the jurisprudence that we're focusing on deal with Foreign Selection Clauses in which ---- I guess what I'm saying is I can understand this better if we were dealing with an originally filed case under a Federal venue provision. But that's not what we've got. We've got an instance in which the venue is only based on the state in which the case was originally filed, on a location where it was originally filed and not on any Federal judgment about where the case should be filed. That's correct, Your Honor. But since many courts hold, and this Court has not addressed the issue, many courts hold that when a Federal congressional statute provides a venue as proper, parties cannot contractually change that and say it is improper. Now ---- I understand that. But why doesn't the ---- the forum ---- the enforceability of the forum selection rule from where it came from come with it? I don't know, because there's no authority for that. I don't believe. Your Honor, just to bring the Court to the present time, at this point, the following circuits have all adopted the rule that when there's a forum selection clause in which ---- The problem, see, is what we've said. Okay. I mean, I understand. Look, I mean, I can read Stewart. I've read it. I was on the Richards panel. I know what we said in the footnote. The difficulty here is that we have said in a ---- when you've got a motion to dismiss on a forum ---- based on a forum selection clause, there is no operative governing Federal rule that applies. Therefore, Bremen does. Okay. Now, what do we do with that? That's my direct question. Then you decide how do you enforce the clause. Do you dismiss the case or do you transfer it? Well, we've said Bremen applies. So you're saying all that we should look at it and say, well, Bremen then only applies to whether you enforce it? Your Honor, in Bremen, there was no opportunity to transfer. Well, then there's no difference between dismissal and a motion to transfer. I mean ---- Let me answer your question by reading from one of our decisions, Jones v. GNC Franchising. In diversity cases, Federal law governs the analysis of the effect and scope of forum selection clauses. We have held that the rule set forth by the Supreme Court in Bremen cited controls the consideration of a motion to dismiss for improper venue based upon a forum selection clause. That's the law of the circuit. And was that post-Stewart or pre-Stewart? Your Honor, I don't know. I don't recall if that case was after Stewart or before Stewart. But it makes a big difference if the forum selection clause provides for litigation in a different country or else only in State court. Or ---- Well, you're suggesting a brief, I think. It's Manetti where the problem's coming from. And what do they mean by there's no Federal rule directly on point because you say there is a Federal statute that governs venue. In general, there are Federal statutes governing venue. And the question is whether they meant something particular to the facts there which dealt with a foreign dispute. That makes all the difference in the world. See, when the Federal court doesn't have the opportunity to transfer, then there's no alternative. There's still ---- Pardon? The question is whether there was what they meant by saying there was no Federal rule directly on point as to venue. Is there a Federal statute that ---- Because it was an international party. There was no rule that provided for venue. No, that's not right. There sure was in that case. Well, it says venue can be set in any ---- in any district. Well, no, but there's a venue rule. So it can't have meant that they were talking about venue as con ---- I mean, venue rather than talking about dismissal as contrasted with transfer. But even if there is no Federal rule, Your Honors, when a forum selection clause provides for the litigation to take place in another Federal district, the question becomes what is the proper method of enforcing that clause? Is it by dismissal or by transfer? The circuits, the Second Circuit, Fourth Circuit, Fifth Circuit, Sixth Circuit, and Eleventh Circuit have all held that the proper method to enforce a forum selection clause when another Federal district is provided for is to transfer and that it's error to dismiss. And the ruling that venue is improper simply because a contract says venue should be at a certain place is intellectually inconsistent. It's dishonest. It is not consistent with the Supreme Court's ruling in Stewart Organization v. RICO. And the footnote in Richards v. Lloyds of London remains to be answered. And this is the opportunity for the Court to answer that question and instruct the district courts here how to enforce a forum selection clause when they have another Federal district to which it can be transferred. I submit that the Ninth Circuit should join the Sixth Circuit and others and lead the country to a much more just approach. Thank you. Thank you, Mr. Carlson. I don't think you could possibly have talked any faster those last few seconds. All right. Mr. Kendall. May it please the Court, William Kendall, Seattle, for Defendant Clement Hoskin. I don't think I can talk as fast as Mr. Carlson has. So I'm going to begin by stating that the procedure followed in this case was correct under Ninth Circuit precedent. Clement Hoskins could file a 12B3 motion to enforce the forum selection clause. The Court was to apply the Dock Cider case to determine whether it was mandatory. It did that. And decided to dismiss the case. At that point, there's no abuse of discretion. And as the panel has indicated in its questioning to Mr. Carlson, I believe the Bremen standard does apply. But what if you don't understand how the two pieces fit together, i.e., the motion to dismiss, the possibility of the motion to transfer. What it leads to is this illogical result that says if you make only a motion to dismiss, that it's dismissed. But if you make a motion to transfer, then it may not be dismissed and the standards for transfer will apply and you may or may not get transferred. Does that make sense? Well, I think what it reflects, Your Honor, is that there is a circuit split. The First Circuit says forum selection clauses are to be enforced under a 12B6 procedure. What's the difference between those two? It doesn't necessarily. Let's put aside the circuit split. It's can't be right that a district court faced with a motion to dismiss has to put blinders on to the possibility of transfer as contrasted with dismissal. I would say that's correct, Your Honor. Okay. If that's correct, then here the district court stopped with dismissal solely apparently from its footnote on the footing that the defendant had only moved to dismiss, which, of course, any defendant is always going to do, given an option, because he won't rid of the lawsuit. So I don't fault that procedure. I don't mean to by my question. I mean, it's perfectly obvious they're going to. But does that mean that when it's argued, as it was argued here, that the court should as well consider the transfer provisions of 1404A, that the court should not have done that before dismissing, when you've got a diversity case in which there is an available forum to which the action can be transferred, unlike any of our other cases in which there wasn't? I'm going to do my best to answer that. I fail to see how this district judge can commit an abuse of discretion when there is no 1404A motion before the court. Claimant Etoskes didn't make that motion. Mr. Fulan had the opportunity to make that motion, or a cross-motion, and didn't do that. So if the court recognizes the issue, but nobody's moved for that relief, it can't be an abuse of discretion not to deal with that. And to answer your question, I think that we can look at the evolution of forum selection case law and see that at the time the Supreme Court decided steward organization, it must have recognized that the Bremen existed and was sitting out there, but chose for whatever reason not to harmonize its opinions. That in that case, as a historical matter, although the court didn't decide it, that there had been a motion just mis-made, which was rejected, and it all seemed to be sitting on top of that. You're suggesting that it should have been granted, and then you'd never get to the forum, 1404A. See, that's what's so odd about this. Let's suppose both motions were made. On your theory, it would be dismissed. So there it's dismissed, so you never get to 1404A. Isn't that a matter for the district court to sort out, though? Well, but if it's automatically dismissible, which is what you're arguing, then why do you ever get to 1404A if both motions are made? And that's what's illogical about it. Well, I think that the visit to the court was a matter of the district court. Well, I don't think it's illogical in the situation where you can transfer. I mean, you had no option in some of these cases where the forum selected is a forum forum. There is no option to transfer. Dismissal is the only option, so the only question is, should it be dismissed? Well, it seems that litigants in this circuit have a choice under Minetti-Ferro. You know, if we construe that case as being the law of this circuit, if there is no motion to transfer, the district court doesn't need to decide that issue. Let me ask you something. If you make both motions, or if the other side makes the 1404A motion, but the district court says the dismissal motion is logically prior and on your theory, you win on it, so you never get to the 1404A, if you just automatically win because of Minetti under it. Well, I think that's the law of this circuit, Your Honor. So you're saying that even if there had been a 1404A motion made by either side, it still would have come out the same way? Not necessarily. I think if there had been a cross-motion for a 1404 transfer, Clayman and Toscas would be obligated to respond to that, and the district court would have to make a decision as to the best disposition of the case. That is obviously the case. So it wouldn't have to automatically dismiss under those circumstances. The dismissal rule wouldn't trump the 1404A possibility. It seems to me from reading massive amounts of forum selection cases that the courts are to do a case-by-case analysis and decide what's the best thing to do with this case. Here, there was no 1404A motion, so by definition, it can't be an abuse of discretion for the court not to reach that issue. If there's no motion before the court, it's over. I see. So you're not arguing that there's an automatic dismissal. You're just arguing that there was a procedural problem. I think procedurally, what Clayman and Toscas did is permissible under Ninth Circuit precedent. And what Mr. Flan invites the court to do is to overhaul all forum selection clause cases in the Ninth Circuit to harmonize what other circuits are doing. But certainly, the plaintiff's never going to want to make a transfer motion. They don't want to transfer it. Well, that goes back to why did they sign the forum selection clause in the first place? Well, it may go to something else. I wanted to ask you this. It has to do primarily, I mean, because obviously, they want to be in the State of Washington. Clearly, it's where they filed their lawsuit. But on the other hand, you've got a statute of limitations issue. Now, is that a factor here? Quite frankly, Your Honor, there has been no discovery in this case in its posture. And I don't know what that has to do with anything. I mean, is the statute of limitations told while all this is going on? I don't know. So that they could refile in Florida? I don't know the answer to that question, Your Honor. It's been beyond the scope of my representation. Because that's the, that's what's really going on. I mean, aside from their desire to stay in the State of Washington. Well, I think what's going on is that Mr. Fulons made some gratuitous comments about the representation by Clayman and Toscas. And what I think this battle is about is to prevent the lawsuit from being transferred to Florida for as long as possible so that the merits aren't resolved and Clayman and Toscas is favored. Well, you know, I understand the strategy. But I mean, if the lawsuit is dead on arrival in Florida, it does make a difference. Well, it's also possible, Your Honor, that Clayman and Toscas may very well initiate a lawsuit there against Mr. Fulon in Washington. And I don't, I don't know what the answer is on the statute of limitations question. Okay. What, what does Minetti mean, what did it mean when it said because there's no Federal rule directly on points of steward analysis is inapplicable? I mean, there are Federal rules regarding the venue. So what does that mean? Well, what I think it means, Your Honor, is that the steward organization case was really a choice-of-law case. In Alabama, does Federal law control whether or not the forum selection clause should be enforced? Or does State law control whether or not that's what that case goes to? Okay. But so what? So then it's Federal law that controls, and there is a Federal venue rule. So what does Minetti mean when it says there's no Federal rule directly on point? It seems to me that the Court was recognizing in that case, as in this case, there is no motion to transfer presented to the Court in that instance. But he said our, he says our case involves a motion to dismiss rather than to transfer a venue, and because there's no Federal rule directly on point, but there is a Federal rule that would ordinarily apply to dismissal for lack of venue. So why, so what do they mean? I think I've answered that the best I can, Your Honor. Obviously, that was quite some time ago. A Federal rule for dismissal for venue assumes that the original venue is improper and not having to do with the forum selection clause. If I get it correctly. I'm sorry. Did you finish your question? The normal rule, whatever, it's 1406, where you can seek dismissal for improper venue assumes that the original choice of venue is improper for reasons independent of the forum selection clause. Some of the cases So I think what we must have been saying was that dismissal, there's no rule where the venue was otherwise proper, which it was in that case. The survey of cited cases presented to the Court here shows that there's a variety of methods that the circuits use to enforce forum selection clauses. Sure. But in the case of a removal, you know, the removal statute says you're supposed to go to the district where the underlying action is pending. But that doesn't resolve the forum selection issue. I agree with you on that. So then it seems to me that the circuit is to apply its rule for enforcing a forum selection clause. Well, yeah. But, you know, the reason that Manetti could have said what it said was that there was no rule governing that case, because the forum selected there was Italy. So you couldn't transfer. So there is no Federal rule that could possibly apply. Does that mean that necessarily there is no Federal rule that ever applies to a request to dismiss when there is an alternative forum available? Clearly, the courts have surveyed that question several times. And commentators have basically criticized, you know, the rule that other circuits are using, depending on where they're writing. It seems to me that it is an unclear area of the law. But it is also an area of the law that Congress must be aware of and the Supreme Court must be aware of and have chosen not to fix. You know, because the circuits have different methods for enforcing forum selection clauses, it seems that once it is settled in a particular circuit, this is how you go about it. For some entities, such as Klayman and Toskis, to come along and say, well, here we are in the Ninth Circuit, Ninth Circuit cases say that 12b-3 is an appropriate procedural method. That's why we're going to go with 12b-3. 12b-3 is a procedural mechanism. But the question is, what substantive rule are we applying as to whether the case stays here or goes somewhere else? Oh, I think it's clearly the Bremen, Your Honor. Well, that's the issue. I think it is the Bremen. And I say that because the ---- Well, it's not if 1404 is preemptive, in effect. Well, it seems to me that steward organization is to be read in its context. You know, it is a choice-of-law case, and it directs that when a motion to transfer is presented to the district court, this is how you go about resolving that motion. Here, that motion never came before this Court. But how would it? I mean, you choose not to make it, and the other side obviously chooses not to make it. And the result is that we have this sort of strange result, which is that the balancing that that 404a would require is never being made, and instead, you're getting out of court altogether with possible statute of limitations problems because of this sentence in Manette, which we can't quite figure out what it means. Well, I think our brief talks about how other circuits, such as the Second Circuit in the Jones case and the Fifth Circuit in the Amplicon case, have recognized that problem. And they have decided, well, that may be an issue, but it's not necessary to resolve it for the purposes of disposing of this case. And I think that if you read Manette-Ferro and Jones and Amplicon together, the procedure for enforcing the Form Selection Clause is already in place and is being followed. One way that it would be unnecessary to decide that issue in this case is to say that Washington public policy is so strong that even under the Bremen analysis, the Form Selection Clause is unenforceable. So never mind all this other procedural nicety. Clearly, Mr. Fulon wants to be gratuitous there as well and say the claimant can cause this. Well, I mean, gratuitous, whatever. I mean, the point is, we've now got to, it's coughed up to us, and we have to decide whether Washington's public policy for having only people who are licensed to practice law in the State of Washington representing Washington residents is such that the Selection Clause should not be enforced. Well, again, I think there's a distinction between practicing law in Washington and practicing before the National Association of Securities Dealers in the dispute resolution. Why is that? Why? Because the NASD is an SRO, as you're aware, and it has its own rules for who may represent who. It doesn't have a rule about this, or it didn't get the pertinent time, and it doesn't plan that it does now. I really think that's not going anywhere, so let's take it the other way. I'm sorry? Let's assume that's not going anyplace. Let's assume that this is governed by Washington. Well, I would think that for a true public policy question to exist, what Mr. Fulan would have to show is that there is some Washington statute or rule that says in the context of bringing a legal malpractice claim against a law firm under continuity agreement, that claim has to be brought in Washington, and that it's illegal or improper for a forum selection clause to be part of the contingency agreement. Mr. Fulan can't show that. There is no body of law in Washington that says if you're going to have a legal services agreement that the parties cannot include a forum selection clause. Two Washington State residents could have a contingency agreement and agree among themselves that if they were going to resolve any disputes, it could be in the Southern District of New York. There's no reason that they can't agree to that. So the converse is for a public – true public policy to exist, Mr. Fulan would have to show that there is no way that a contingency agreement entered into a – with a forum selection clause would be enforceable, where it includes a forum selection clause. Well, what would be an example – and this may be too sort of general to answer, but can you give me an example of something that is against the public policy of Washington such that a forum – or some State such that a forum selection clause wouldn't be enforceable? How close in does it have to be? How definite does the policy have to be? I will use a case that Mr. Fulan has cited, McCloud v. Home Depot. That case had a forum selection clause selecting Georgia. There was a Wisconsin statute that said any contract for the improvement of land must be litigated in Wisconsin. And there, the district – You're saying there is no – there is no – there's a Washington public policy with regard to attorneys, but there's no Washington public policy as to where those issues have to be litigated. I think that's entirely correct. It seems my time is almost up, but if I have any left, I'd like to save it for rebuttal. Well, I think everybody, then, is now out of time. So we do appreciate the argument and certainly understand the issues have been well framed for us. Thank you, counsel. The matter just argued to be submitted.
judges: Alarcon, Rymer, Berzon